UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| DERRICK NESBITT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV413-141 |
| | ) | |
| WILLIAM C. DANFORTH, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

"A jury found Derrick Nesbitt guilty of armed robbery, possession of a firearm during the commission of a felony, possession of a firearm by a convicted felon, and giving a false name." *Nesbitt v. State*, 296 Ga.App. 139, 139 (2009). The *Nesbitt* court affirmed his conviction, *id.* at 144, and he now petitions this Court for 28 U.S.C. § 2254 relief. Doc. 1. The state moves to dismiss it as time-barred. Doc. 8.

## I. ANALYSIS

28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play. *Kearse v. Secretary, Fla. Dept. of Corrs.*, 736 F.3d 1359, 1362 (11th Cir. 2013);

*Everett v. Barrow*, 861 F. Supp. 2d 1373, 1375 (S.D. Ga. 2012). Hence, sitting on any claim and creating time gaps between those proceedings can be fatal. Those proceedings must be properly (hence, timely) filed. *Kearse*, 736 F.3d at 1362. A direct appeal or collateral proceeding "that is untimely under state law is not 'properly filed' for purposes of tolling AEDPA's limitations period." *Gorby v. McNeil*, 530 F.3d 1363, 1367 (11th Cir. 2008) (cite omitted); *Dixon v. Hart*, 2013 WL 2385197 at * 3 (S.D. Ga. May 21, 2013).[1]

Finally, once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state postconviction

---

[1] *Kearse* breaks this process down. It explains that the § 2244(d)(1) clock starts to tick, for direct appeals or other collateral proceedings,

> on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." [28 U.S.C. § 2244(d)(1)]. A judgment becomes "final" within the contemplation of this statute either: (1) if the prisoner files a timely petition for certiorari, on the date when the [U.S.] Supreme Court issues a decision on the merits or denies certiorari; or (2) on the date on which the prisoner's time for filing such a petition expires.

*Kearse*, 736 F.3d at 1362. Conversely, the clock stops ticking during the time "a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). [And] . . . "pending" includes the time between a lower court's decision and the filing of a notice of appeal to a higher state court. *See Carey v. Saffold*, 536 U.S. 214, 219–20, 122 S.Ct. 2134, 2138, 153 L.Ed.2d 260 (2002)." *Id.*

motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon*, 2013 WL 2385197 at * 3. Nor does it matter if the state habeas court reaches an otherwise untimely state habeas petition on the merits.

Nesbitt's conviction was affirmed on direct appeal on February 17, 2009. *Nesbitt*, 296 Ga. App. 139. Under Rule 38 of the Georgia Supreme Court's Rules, and Rules 37 and 38 of the Georgia Court of Appeals' Rules, he had ten days from that decision in which to either move for reconsideration or file a notice of intent to apply for certiorari to the Georgia Supreme Court. He did neither, so his convictions became final on February 27, 2009. Nor did he take his case beyond Georgia's intermediate appellate court and seek U.S. Supreme Court review. He then let more than two years go by before he filed his state habeas corpus petition on April 14, 2011. Doc. 10-1. At that point he ran out the one-year federal clock. His petition here, then, is time-barred.

In his reply brief Nesbitt invokes equitable tolling based on an "actual innocence" claim. Doc. 9. It reads: "Petitioner now asserts an

additional claim of actual innocence of the offense of armed robbery and possession of a weapon, etc., of this instant matter from the constitutional error of denial of effective assistance of counsel as safeguarded by the Sixth Amendment . . . with newly reliable evidence that was not present at trial." *Id.* at 2. He explains that this "newly reliable evidence" "is that no particular defense was . . . presented at petitioner's trial, to which petitioner discovered during his state habeas corpus evidentiary hearing that was held on the date of October 12, 2011." *Id.*

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924, 1928 (2013). Yet, "tenable actual-innocence gateway pleas are *rare* [.]" *Id.* (emphasis added). So under *McQuiggin* Nesbitt must show "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quotes and cite omitted).

Nesbitt, however, cites only a habeas claim, *not* actual "new" evidence of innocence as set forth in *Schlup v. Delo*, 513 U.S. 298, 324

(1995) ("exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"); *see also Lee v. Stewart*, 2013 WL 6512508 at * 5 (S.D. Ala. Dec. 12, 2013). And his reasoning is absurd. If accepted, every untimely § 2254 petitioner could surmount § 2244(d)(1)'s one-year limit by alleging ineffective assistance that he claims he did "not discern" until years later. He would then not only have to prove that ineffective assistance, but also ultimately demonstrate (via a presumed retrial) that he was "not guilty." Nesbitt is thus light years away from showing the actual innocence needed to support equitable tolling.

## II. CONCLUSION

The state's motion to dismiss (doc. 8) must be **GRANTED** and Derrick Nesbitt's 28 U.S.C. § 2254 petition must be **DENIED**. Doc. 1. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no

non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 7th day of January, 2014.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA